# NEW YORK COMMON PLEAS.

JAMES REID, Administrator, &c., agt. THE BANK OF NEW YORK NATIONAL BANKING ASSOCIATION.

*Demurrer — to answer — power of attorney.*

Where an answer sets up a power of attorney authorizing the attorney to do and perform all necessary acts in and about the management of the business of the principal as an importer of wines and liquors, with full power and authority in the premises, followed by an averment that the principal left the attorney in full and complete charge and control of his business, with directions to continue and carry on the same durin the principal's absence:

*Held*, that this fact, if proved, showed an intention to confer something more than a mere naked power upon the attorney. He could make and thus be compelled to meet business engagements. There being no fraud or mismanagement on his part, he should be protected for acts done in good faith and without knowledge of the revocation of the authority (by death) under which he acted.

*Special Term, April*, 1874.

*Before* LARREMORE, *J.*

LARREMORE, *J.*—The answer sets up a power of attorney authorizing Austrup (*inter alia*) to do and perform all necessary acts in and about the management of the business of Welsh as an importer of wines and liquors, with full power and authority in the premises.

This is followed by the averment that Welsh left Austrup in full and complete charge and control of his said business, with directions to continue and carry on the same in the absence of Welsh.

Reid agt. Bank of New York National Banking Association.

If this fact be established by proof, it clearly shows an intention to confer something more than a mere naked power upon the attorney. The latter was thus charged with a responsibility which, from the very nature of the case, coupled the power confided to him with an interest in the control and management of said business. He could make and thus be compelled to meet business engagements and liabilities. For this purpose the absolute control and disposition of the moneys of his principal at all times during his absence was a necessity. The whole transaction shows upon its face an intention to modify the rigor of the rule of law here sought to be applied.

The moneys accruing from said business, after the death of Welsh, and before Austrup had notice thereof, were in the nature of trust funds in his hands, and were properly applied by him to the purposes indicated in the power of his appointment.

There is no imputation of fraud or mismanagement on his part, and he (and those dealing with him) should be protected for acts done in good faith and without knowledge of the revocation of the authority under which he acted.

For these reasons the demurrer (being general to the whole answer) should be overruled.